William Credden, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Thomas J. Feerick, Rambo and Mair,* for petitioner.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 15, 1983:

The Unemployment Compensation Board of Review, by order, affirmed a referee's denial of benefits to William Credden. We reverse and remand.

Credden was employed by Marriot Corporation as an equipment mechanic for approximately thirteen years and, for the greater part of that period, worked at several of Marriot's Pennsylvania restaurants. When Marriot terminated its restaurant operations in Pennsylvania, it offered Credden a similar position at its New Jersey Turnpike restaurants. Credden accepted the new position and remained in Mar-

riot's employ until he quit eleven months later because, in his view, the distance he was required to drive each day was intolerable.

The Board denied Credden's application for benefits, concluding that Credden's quit was voluntary and, thus, not due to "cause of a necessitous and compelling nature" as required by Section 402(b) of the Unemployment Compensation Law.[1]

A claimant who voluntarily terminates his employment bears the burden of proving that his decision was motivated by compelling and necessitous reasons in order to be eligibile for unemployment compensation benefits. *Stiffler v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 44, 438 A.2d 1058 (1982). Where, as here, the party with the burden of proof did not prevail below, our scope of review is to determine whether the findings of fact are consistent with each other and with the Board's conclusions of law and whether its findings can be sustained without a capricious disregard of competent evidence. *Local 730, United Association of Journeymen and Apprentices of Plumbing and Pipe-Fitting Industry v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 195, 427 A.2d 1055 (1981).

We find that we cannot exercise our review function because of the inadequacy of the Board's factual and legal conclusions. Before the Board, Credden argued that he had established the adverse effects the driving was having on his family life and health, and that the adverse effects constituted cause of a necessitous and compelling nature for his quit. The Board, however, disregarded his argument for the reason that Credden, through his initial acceptance

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

of the position, had created a presumption of the position's suitability. Without further discussion, it concluded that Credden had not demonstrated a necessitous and compelling cause for his quit. In so doing, it in effect created an irrebuttable presumption of the position's suitability, and thereby committed an error of law. The presumption of suitability is rebuttable. *See Stiffler; Spinelli v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 358, 437 A.2d 1320 (1981).

Therefore, the Board must determine whether Credden proved the existence of the alleged adverse effects and decide whether the presumption of job suitability was rebutted and a necessitous and compelling reason for the quit established.

Reversed and remanded.

### ORDER

The order of the Unemployment Compensation Board of Review in Appeal No. B-80-1-0-1173 is hereby reversed, and the case is remanded for further proceedings not inconsistent with this Opinion. This Court relinquishes jurisdiction.