571 A.2d 526

**Claude HERBERT, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 5, 1990.

Decided March 1, 1990.

Wanda L. Carter, Terry L. Fromson, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

CRAIG, Judge.

The claimant, Claude Herbert, appeals an order of the Unemployment Compensation Board of Review which affirmed a referee's decision to deny benefits under § 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). We affirm.

The facts, as stated in *Herbert v. Unemployment Compensation Board of Review*, 123 Pa.Commonwealth Ct. 546, 554 A.2d 616 (1989) (*Herbert I*), are not in dispute. The claimant worked for Liberty Maintenance from April 15,

1978 to December 17, 1987, when the employer discharged the claimant for lateness. The claimant petitioned for benefits, which the Office of Employment Security and the referee both denied under § 402(e), the willful misconduct disqualification.

The claimant's testimony indicates that, although he left his home at the normal time, he encountered a fire en route to work, which resulted in a traffic jam. Because he was unable to telephone his employer, the claimant contended that he had good cause for his lateness. However, the claimant admitted previous incidents of lateness, as well as previous warnings from his employer. The employer's witness testified about the claimant's history of lateness, including the previous warnings, and further stated that the claimant was one hour late on the date of discharge.

On appeal, the board affirmed the referee's decision that the claimant lacked good cause for his lateness. On initial appeal to this court, the claimant contended that the board erred in its conclusion. Because the board's findings were unclear as to whether the board rejected the claimant's good cause argument as legally insufficient or rejected his testimony as lacking credibility, this court remanded the case to the board. *See Herbert I.*

On remand, the board, in Finding of Fact No. 7, stated that "[t]he claimant was not late for work because of traffic," and further stated that "[t]he Board finds as not credible the claimant's allegations that he was late for work because of traffic." This appeal followed.

Initially, the parties disagree on our scope of review. In *Estate of McGovern v. State Employee's Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986), the court limited our scope of review to determining whether any constitutional rights were violated, any errors of law were committed, or whether substantial evidence supports the board's findings.

However, as this court held in *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988), where

only the burdened party presents evidence and does not prevail before the board, the "substantial evidence" test falters. "If no evidence was presented to support the prevailing party, there is no evidence upon which to apply the 'substantial evidence' test, *i.e.*, it is impossible to find substantial evidence to support a position for which no evidence was introduced." *Russell*, 121 Pa.Commonwealth Ct. at 438–39, 550 A.2d at 1365. Thus, in such cases, *Russell* held that the appropriate scope of review is whether the board committed any errors of law or capriciously disregarded competent evidence—the "capricious disregard" test. *See Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

■ In this case, the board states that, because the employer presented no evidence on "good cause," and because the board found that the claimant's testimony on good cause lacked credibility, the "capricious disregard" test applies. However, the employer and the claimant both presented evidence relating to the lateness alleged to constitute willful misconduct. If this court, in reviewing findings on a particular issue, had to use one review standard for the willful misconduct charge and a different review standard for each defense to it, unworkable complications would be the result. Therefore, because both sides presented evidence as to willful misconduct, our scope of review is governed by the "substantial evidence" test under *Estate of McGovern*.

The claimant next contends that the board's findings, which rejected the claimant's good cause argument because his testimony lacked credibility, were unsupported by substantial evidence.

■ When an employer proves a claimant's willful misconduct, the burden shifts to the claimant to prove good cause for the misconduct. *Fritz v. Unemployment Compensation Board of Review*, 66 Pa.Commonwealth Ct. 492, 446 A.2d 330 (1982). If the claimant then proves good cause, he may be eligible for benefits. *Mendez v. Unem-*

*ployment Compensation Board of Review,* 101 Pa.Commonwealth Ct. 366, 516 A.2d 806 (1986), *appeal denied,* 515 Pa. 589, 527 A.2d 548 (1987).

■ However, in this case, the board did not reject the claimant's good cause argument as legally insufficient. Rather, the board rejected the claimant's testimony because it lacked credibility. Because questions of witness credibility and evidentiary weight are left to the board, *Bignell v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981), and because the board, upon consideration of all the evidence, may disregard even uncontradicted testimony, *Carriers Terminal Co. v. Unemployment Compensation Board of Review,* 68 Pa.Commonwealth Ct. 586, 449 A.2d 873 (1982), we conclude that substantial evidence supports the board's findings.

Accordingly, we affirm the board's order.

## ORDER

NOW, March 1, 1990, the order of the Unemployment Compensation Board of Review, Decision No. B–267579–A, dated August 1, 1989, is affirmed.