573 A.2d 252

**Constance L. KAWA, Administratrix of the Estate of Tyler L. Lobb, Deceased, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 16, 1990.

Decided April 11, 1990.

Richard A. Hughes, for petitioner.

James K. Bradley, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG and DOYLE, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Constance Kawa, administratrix of the Estate of Tyler Lobb (Lobb), appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision of the referee denying Lobb benefits because of Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (voluntarily quitting work without cause of a necessitous and compelling nature).

Lobb had been employed by Lobb Mining Co. as an oiler. He had worked there for almost a year until he quit on January 27, 1989 because he could not arrange transportation to work. In early January of 1989, Lobb was informed that his driver's license was being suspended because of a conviction for driving under the influence. Lobb lived forty-five miles from the mine, the last nine miles of the trip being a dirt road. Lobb notified his foreman of the problem and the foreman made arrangements for Lobb to ride with a co-worker who worked the same shift. One week before the suspension was to take effect, the co-worker was transferred to a different shift. The foreman spoke to the

manager about transferring Lobb to the same shift but the manager refused to do so. Lobb asked all of his relatives to ride him to work; none were able to do so. Public transportation was unavailable. Being unable to find any transportation, Lobb quit his job.

He filed an application for benefits. The Office of Employment Security denied benefits of the basis of Section 402(b). He appealed and a hearing was held before the referee who also denied benefits based on Section 402(b). Lobb took a further appeal to the Board which also affirmed the denial of benefits. While the Board allegedly based its denial on Section 402(b), it stated in the reasoning section of its decision, "The Board concludes that the claimant's separation was brought about *through fault on the part of [Lobb]* and cannot be deemed necessitous and compelling; therefore, [Lobb] is ineligible *too* receive benefits under Section 402(b) of the Law." (Decision of the Board, 8/21/89).

Lobb then appealed to this Court. Shortly after filing the appeal, Lobb was killed in an automobile accident. The administratrix of his estate was then substituted as petitioner in the present appeal.

One who voluntarily quits his or her employment has the burden of proving that cause of a necessitous and compelling nature existed to justify the quit, thereby remaining eligible for benefits. *Matvey v. Unemployment Compensation Board of Review*, 109 Pa.Commonwealth Ct. 591, 531 A.2d 840 (1987). It is well settled that insurmountable commuting problems can constitute the required just cause to justify a voluntary quit. *Love v. Unemployment Compensation Board of Review*, 103 Pa.Commonwealth Ct. 247, 520 A.2d 107 (1987). Such a commuting problem so qualifies "only if it presents an insurmountable barrier to further employment despite an employee's reasonable efforts to remedy it." *Quality Building Services, Inc. v. Unemployment Compensation Board of Review*, 90 Pa.Commonwealth Ct. 495, 497, 498 A.2d 1, 2 (1985). Finally, for the moment, the question of whether there is just

cause in any case is a legal conclusion subject to appellate review. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

In the present case, Lobb's testimony, which was believed by the Board, showed that he took not only "reasonable" steps to alleviate his situation; he did everything possible. He tried to make arrangements with the employer so that he could commute with a fellow employee; unfortunately, that was not possible. Lobb also asked his relatives to ride him to work but the ninety mile commute twice a day made that unfeasible. No public transportation existed in this rural area. Short of walking forty-five miles to and from work, Lobb had no way of solving his commuting problems. But for one fact, we would be compelled to hold that the Board committed an error of law in holding that Lobb had failed to prove the requisite just cause. That fact—Lobb's commuting problems were all occasioned because he lost his driver's license because of a conviction for driving under the influence in violation of 75 Pa.C.S. § 3731. This is precisely the reason that petitioner believes the Board erred.

In *Libonate v. Unemployment Compensation Board of Review,* 57 Pa.Commonwealth Ct. 422, 426 A.2d 247 (1981), we held that the Board could consider only the following issues: (1) any issue ruled upon by the referee; (2) any issue raised in the notice of hearing form used by the Office of Employment Security; and, (3) any issue which does not fall into the first two categories but which the parties agree may be considered. In that case, the claimant had been denied benefits by OES and the referee based upon her failure to accept suitable work in violation of Section 402(a). The Board, without taking additional testimony, also denied benefits, basing its denial, however, upon Section 401(d), holding that she had so limited her availability that she had effectively removed herself from the labor market. We held that consideration of the new issue without notice to the claimant was error; we remanded to give the claimant on opportunity to answer the Section 401(d) issue.

Petitioner argues that the Board violated the holding in *Libonate* by stating that Lobb had to quit his job when he lost his driver's license because of his own fault, i.e., having been convicted of drunken driving. Petitioner argues that the Board's denial was based upon Section 3 of the Act, 43 P.S. § 752, where the Legislature, in its declaration of policy, stated that the purpose of the Act was to assist those who were unemployed "through no fault of their own."

■ We do not dispute that Section 3 can be an independent basis for disqualifying a claimant from benefits. *Corbacio v. Unemployment Compensation Board of Review*, 78 Pa.Commonwealth Ct. 70, 466 A.2d 1117 (1983). Section 3, however is generally used to disqualify claimants from benefits where that claimant was discharged for misconduct *unrelated to work*. *Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review*, 96 Pa.Commonwealth Ct. 38, 506 A.2d 974 (1986). In the present case, the Board argues that it did not deny Lobb benefits on the basis of Section 3; rather, it claims that it merely used Section 3 as an interpretive aid in reviewing Section 402(b). While we believe that the decision in this case is a very close call, we agree with the Board for the following reasons.

■■ First, Lobb was not discharged from his job because he had been convicted of drunken driving. In *Corbacio*, the claimant was terminated when he lost his driver's license for non-work related speeding incidents. Because possessing a valid driver's license was a requirement of the job, we held that Section 3 was properly used to deny that claimant benefits. Moreover, the Supreme Court has stated that Section 3 "is not merely a perfunctory preface but is, rather, the keystone upon which the entire Act rests and the basis upon which the individual sections of the Act must be interpreted and construed." *Lybarger Unemployment Compensation Case*, 418 Pa. 471, 476, 211 A.2d 463, 466 (1965). With this precept in mind, we believe the Board was correct when it interpreted Section 402(b) and decided that

Lobb did not have the requisite just cause to justify his voluntary quit because the source of his commuting problems was his drunken driving conviction. As this case has always been treated as a Section 402(b) case, we must reject the petitioner's argument, plausible though it may be.

Affirmed.

## ORDER

NOW, April 11, 1990, the order of the Unemployment Compensation Board of Review, dated August 21, 1989, at No. B–275733, is affirmed.