642 A.2d 544

**Majken VAN DUSER, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 18, 1994.

Decided May 13, 1994.

Linda F. Berman, for petitioner.

Norina K.S. Stone, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before SMITH and FRIEDMAN, Judges, and NARICK, Senior Judge.

NARICK, Senior Judge.

Majken Van Duser (Claimant) appeals from the order of the Unemployment Compensation Board of Review (UCBR) that affirmed the referee's denial of benefits and the assessment of a fault overpayment subject to repayment. We affirm.

Following Claimant's layoff in August 1992, she contracted with Norelle Temporary Services (Employer) for placement as a secretary. Employer immediately placed Claimant with Sterling Winthrop (Sterling), as a secretary. After working three weeks, Sterling requested Claimant to begin packing materials in her office because Sterling was moving its office to another location. Claimant immediately contacted Employer stating that she did not "feel that [packing and moving boxes] was secretarial work." Notes of Testimony (N.T.) of June 14, 1993 Hearing at 9. Claimant told Employer that she would "stay until the end of the week and ... would be available for other work, but ... would like to leave the assignment at the end of the week." *Id.* Claimant's last day of work was September 25, 1992. Employer did not find a subsequent assignment for Claimant and on October 2, 1992, Claimant filed for unemployment compensation benefits, effective September 27, 1992, stating that she was unemployed "due to lack of work." (N.T. at 10). The job center granted Claimant benefits which Employer appealed.[1]

1. On April 22, 1993, Mr. Barry Shoemaker, an unemployment compensation examiner informed Claimant that her unemployment benefits might be temporarily or permanently terminated on the grounds that: 1) she refused to accept possible suitable employment; and 2) she may

Before the referee, there were two separate appeals at 93–01–E–396, concerning the termination, and 93–01–E–397, concerning the fault overpayment.

Only Claimant testified concerning the basis for her termination. Claimant introduced the record of payments made for chiropractic treatments over the past ten years. Claimant asserted that in the past she suffered a strained back. Claimant also testified she saw her chiropractor on September 16, 1992. (N.T. at 7). Claimant testified that she did not advise Employer of her back condition before taking the job with Sterling because she had never had to lift heavy boxes as a secretary, previously. Claimant also testified that at the time she left Sterling she still did not tell Employer of her medical problem. (N.T. at 11).

On the assessment of fault overpayment, Claimant *and* Mr. Shoemaker, an unemployment compensation examiner, testified. Claimant testified that the reason she marked "lack of work" on the unemployment compensation form was because Employer did not find her a subsequent position. Mr. Shoemaker testified to the job center's assessment of a fault overpayment.

In his first opinion at 93–01–E–396, the referee made the following pertinent findings of fact:

2. While on indefinite assignment with Sterling Winthrop, the claimant was required to pack and move boxes of materials because the office was moving.

3. From September 16, 1992, the claimant had been undergoing treatment with a chiropractor for her back problems.

have voluntarily quit without good cause. The notice explained that Claimant had indicated that she was separated from Employer because of "lack of work." Information received from Employer indicated that Claimant requested to be taken off the Sterling assignment and then left employment. On April 29, 1993, a job center representative interviewed Claimant wherein she stated that she did not wish to pack and lift boxes. Claimant further added that the man she was working with was rather rude and she did not feel this was a good position for her. Claimant signed a summary of interview which was the basis of a fault overpayment and penalty assessed to Claimant. This assessment was the basis for a second, separate action before the referee.

4. On September 25, 1992, the claimant voluntarily terminated the employment because she was dissatisfied with the job.

5. The claimant did not discuss her back problems with the employer.

\* \* \* \* \* \*

7. The claimant reported to the local office that she was unemployed due to lack of work.

8. The claimant reported that she was off for lack of work because, although she had left the assignment at Sterling Winthrop, she reported to [employer] that she was available for other assignment and had not been offered another assignment.

9. The claimant received $6,975.00 in unemployment compensation benefits for the claim weeks ending October 3, 1992 through March 27, 1993, by reason of her fault because she provided misleading information to the local Office of Employment Security, which caused them to pay benefits.

10. The claimant did not knowingly provide false information in order to obtain benefits to which she knew she was not entitled.

(Citations omitted). In this opinion, the referee determined that Claimant had not met her burden of showing cause of a necessitous and compelling nature for terminating her employment under Section 402(b) of the Law, 43 P.S. § 802(b).[2]

In the separate opinion at 93–01–E–397, while finding Claimant received compensation by reason of her fault because she provided misleading information to the job center, the referee determined that because Claimant believed she was eligible for benefits no penalty would be imposed. Claimant appealed both decisions to the UCBR. The UCBR affirmed, filing two separate orders.

**2.** Section 402(b) of the Law provides that:

An employee shall be ineligible for compensation for any week—

■ Claimant then filed a single appeal from these orders, arguing that two of the referee's findings of fact are inaccurate and that the UCBR erred as a matter of law in affirming the referee's conclusion that Claimant had failed to meet her burden of showing cause of a necessitous and compelling reason for terminating her employment.[3]

■ Before we advance upon the substantive issues, we must address two procedural concerns. First, Claimant filed only one appeal from the two orders filed by the UCBR. Pa.R.A.P. 512 is entitled Joint Appeals.[4] The commentary to Rule 512, in Darlington, McKeon, Schuckers & Brown, *Pennsylvania Appellate Procedure*, states that joint appeals from one order are encouraged. However, one appeal from several orders are discouraged. *Id.*

The *Supreme Court in General Electric Credit Corp. v. Aetna Casualty & Surety Co.*, expressly discouraged the taking of one appeal from several orders:

Taking one appeal from several judgments is not acceptable practice and is discouraged. It has been held that a single appeal is incapable of bringing on for review more than one final order, judgment or decree. When circumstances have permitted, however, we have refrained from quashing the whole appeal, but this Court has quashed such appeals where no meaningful choice could be made.

(b) In which his unemployment is due to voluntarily leaving work with cause of a necessitous and compelling nature,

.    .    .    .    .

3. Claimant's brief lists in the "Statement of Questions Involved" the following question, "2. Did the Referee correctly apply the law in determing [sic] that a repayment of benefits was due." Nowhere in the brief is this issue discussed. Issues not briefed are waived. *Tyler v. Unemployment Compensation Board of Review*, 139 Pa.Commonwealth Ct. 598, 591 A.2d 1164 (1991).

4. Rule 512.
   Joint Appeals.
   Parties interested jointly, severally or otherwise in any order in the same matter or in joint matters or in matters consolidated for the purposes of trial or argument, may join as appellants or be joined as appellees in a single appeal where the grounds for appeal are similar, or any one or more of them may appeal separately or any two or more may join in an appeal.

437 Pa. 463, 469–70, 263 A.2d 448, 452–53 (1970) (Citations and footnotes omitted).

*Id.* Cumulative Supp. at 140–41. While Pennsylvania courts have disapproved the taking of one appeal from multiple orders, the courts have been reluctant to quash.[5] Because Employer has not complained about the filing of a single appeal and because the referee conducted only one hearing, we will follow this Court's practice of not quashing the appeal, although again noting our disapproval of the procedure of filing one appeal from more than one order.

We must also determine which standard of review should be invoked here. At the single hearing before the referee, Claimant was the only party to testify regarding the reason for her separation from employment. Because Claimant quit her employment, her separation is treated under Section 402(b) of the Law and she bears the burden of proving necessitous and compelling cause for her decision to quit. *Credden v. Unemployment Compensation Board of Review,* 72 Pa.Commonwealth Ct. 586, 457 A.2d 183 (1983). Because the burdened party was the only party to testify regarding this issue, and was unsuccessful, it would appear that this Court's standard of review regarding the termination would be whether or not the factfinder capriciously disregarded competent evidence, committed an error of law or violated the constitutional rights of Claimant. *Blackwell v. Unemployment Compensation Board of Review,* 124 Pa.Commonwealth Ct. 9, 555 A.2d 279 (1989). However, in the referee's second decision affirmed by the UCBR, it addressed the overpayment

5. *Luzzi v. State Horse Racing Commission,* 120 Pa.Commonwealth Ct. 215, 548 A.2d 659 (1988) (court disapproved of taking one appeal from two adjudications but did not quash appeal, noting that it would consider merits if (1) issues were nearly identical, (2) no objections to appeal were raised, and (3) appeal period had expired); *McGuill v. Unemployment Compensation Board of Review,* 105 Pa.Commonwealth Ct. 222, 523 A.2d 1194, (1987) (court expressed strong disapproval of practice of filing one appeal from two separate orders of an administrative agency, commenting that practice was violative of Pa.R.A.P. 512; court, however, did not quash appeals); and *Turtzer v. Unemployment Compensation Board of Review,* 111 Pa.Commonwealth Ct. 549, 534 A.2d 848 (1987) (court disapproved of single petition appealing numerous orders of administrative agency, but did not quash appeal).

of benefits at which time an unemployment compensation representative appeared and testified. Since such a representative falls within the definition of a "party," [6] two parties testified at the referee's hearing regarding the overpayment issue, thus, appearing to invoke a different standard of review, i.e. that the findings must be supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

Employer asserts, however, that according to our holding in *Herbert v. Unemployment Compensation Board of Review*, 131 Pa.Commonwealth Ct. 601, 571 A.2d 526 (1990), the use of two scopes of review is unduly complicated, so only one standard should apply.

In *Iacono v. Worker's Compensation Appeal Board (Chester Housing Authority)*, 155 Pa.Commonwealth Ct. 234, 624 A.2d 814 (1993) *appeal granted*, 535 Pa. 670, 634 A.2d 1118 (1993), we refused to apply the capricious disregard of the evidence standard of review because both parties presented evidence before the factfinder even though claimant presented no expert medical testimony and only testified himself concerning his pain. Essentially, we refused to separate out the issue of causation and apply a different standard where both parties did, in fact, testify.

■ However, the facts here require a different analysis because first, the issue of whether Claimant terminated for cause of a necessitous and compelling reason was dealt with in one order and opinion and the issue of overpayment was dealt with in another separate decision, albeit appealed as one. When two sets of facts are necessary to support each action, we will apply the appropriate scope of review to the separate issues. Thus, because Claimant was the only party to present evidence on the issue of termination, we will apply the capricious disregard of the evidence standard to this issue. However, because Claimant did not brief the issue of overpayment, we need not decide what scope of review applies here.

**6.** 34 Pa.Code § 101.2.

The UCBR capriciously disregards the evidence when it willfully and deliberately disregards competent testimony and relevant evidence in which one of ordinary intelligence could not possibly have avoided in reaching the result. *Hinds v. Unemployment Compensation Board of Review*, 82 Pa.Commonwealth Ct. 68, 474 A.2d 422 (1984). However, we must note that once having considered the evidence presented, the referee and the UCBR remains free to accept or reject it on credibility grounds. *Iacono*. Claimant challenges two of the referee's findings as not being accurate. The first finding that Claimant challenges states that: "From September 16, 1992, the claimant had been undergoing treatment with a chiropractor for back problems." Finding No. 3. Claimant asserts that this is a misstatement of the evidence because Claimant had testified that "I did have a strained back in the past, and I have been to the chiropractor. I went to him on the 16th of September, 1992." (N.T. at 7). While our review of the record demonstrates that referee finding No. 3 is not an accurate summary of the testimony, even an accurate summary is not a necessary finding to a determination of whether or not Claimant quit her position for cause of a necessitous and compelling nature. While an adjudication must include all findings necessary to resolve issues raised by the evidence which are relevant to the decision, it need not always include findings regarding all allegations and defenses raised by a party. *See Calloway v. Unemployment Compensation Board of Review*, 51 Pa.Commonwealth Ct. 263, 414 A.2d 181 (1980). The fact that Claimant had seen a chiropractor for the past ten years does not demonstrate that Claimant had a condition which would support the conclusion of a necessitous and compelling nature for terminating her employment.

Next Claimant challenges referee's finding No. 4 which states that "[o]n September 25, 1992, the claimant voluntarily terminated the employment because she was dissatisfied with the job." Claimant asserts that she had two reasons for quitting her job: 1) she did not consider the request to assist in the move to be part of a secretary's normal job; and 2) she could not perform the non-secretarial duties

because of medical reasons. Claimant asserts that because the referee failed to include these reasons in Finding No. 4 that the finding is not accurate. While Claimant did testify that she did not feel that packing boxes was secretarial work, (N.T. at 9), there is no evidence in the record to support a finding that Claimant could not perform non-secretarial duties for medical reasons. Claimant, in fact, testified she did not inform Employer of her condition at the time she quit and further Claimant's statement to the job center never mentioned that she was precluded from performing her job duties because of a medical condition.[7] Therefore, we hold the referee did not capriciously disregard the evidence because there was no evidence to support making such a finding. Further, even considering Claimant's testimony, the referee still remains free to accept or reject it on credibility grounds. *Iacono.*

■ Next, Claimant asserts that the UCBR erred in affirming the referee's conclusion that she did not terminate her position for necessitous and compelling reasons.[8]

■ To establish health as a compelling reason for quitting a job a claimant must: (1) offer competent testimony that adequate health reasons existed to justify termination at the time of the termination; (2) have informed the employer of the health problem; and (3) have made to the employer a specific request for a transfer to a more suitable position.

7. Claimant provided the following statement to the job center:
    Regarding the assignment for [Employer], on the first day of my assignment [on] September 21, I was told that the office would be moving to their Collegeville office of the following week and I was to pack up the secretarial area and the manager's office. I did not wish to pack and lift heavy boxes. In addition, the man I was working for was rather rude to me and I did not feel that it was a good position for me.... I spoke to [Employer] about the packing of boxes and I believe I mentioned that the man was rather rude.

8. "'[G]ood cause' for voluntarily leaving one's employment (i.e. that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

*Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977). A claimant's failure to meet any one of these conditions will bar a claim for unemployment compensation benefits. *Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa.Commonwealth Ct. 302, 426 A.2d 719 (1981). Claimant offered into evidence a list of payments made to the chiropractor for treatments over the past ten years. Even if we would consider this as competent evidence that adequate health reasons existed to justify termination, no evidence exists that Claimant informed the Employer of a health problem at the time she requested reassignment. Therefore, we hold that the UCBR did not err in affirming the referee's conclusion that Claimant failed to meet her burden of proving a necessitous and compelling reason for terminating her employment.

Accordingly, we affirm.

## ORDER

AND NOW, this 13th day of May, 1994, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

FRIEDMAN, Judge, concurring.

I concur in the result reached by the majority in this case; however, I write separately to note my concern over the majority's inclusion of dicta to resolve a question which is not before us and which this court has never considered previously. Here, as stated in footnote 3 of the majority opinion, Claimant waived the issue of fault overpayment raised before the referee at 93–01–E–397. Thus, the only issue requiring our review is the termination of Claimant's benefits which the referee considered at 93–01–E–396. With regard to the termination, Claimant, the burdened party, was unsuccessful despite being the only party to testify; therefore, our standard of review clearly is capricious disregard. *Blackwell v. Unemployment Compensation Board of Review,* 124 Pa.Commonwealth Ct. 9, 555 A.2d 279 (1989). The facts here do not require us to determine whether a different scope of review

applies to individual issues within a single appeal taken from two separate orders; therefore, I see no need to make that determination. By using a complicated approach to an uncomplicated factual situation, the majority unnecessarily delves into an unsettled area of law. *Compare Herbert v. Unemployment Compensation Board of Review,* 131 Pa.Commonwealth Ct. 601, 571 A.2d 526 (1990) and *Tomczak v. Workmen's Compensation Appeal Board (Pro–Aire),* 150 Pa.Commonwealth Ct. 431, 615 A.2d 993 (1992).