**William M. POLLARD, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 15, 2002.

Decided May 20, 2002.

William M. Pollard, petitioner, pro se.

Maribeth Wilt–Seibert, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

William M. Pollard (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying him benefits for voluntarily leaving work without cause of a necessitous and compelling nature.[1] We affirm.

Claimant worked as a driver for Atlantic Paratransit of Pennsylvania (Employer) from January 28, 1999 until February 3, 2001. Claimant's position required that he maintain a valid driver's license. On February 4, 2001, Claimant's vehicle became inoperable. Each day thereafter, Claimant informed Employer that he was unable to get to work. Claimant attempted to repair the car on his own because he could not afford to have the car repaired or buy another car. In addition, Claimant's driver's license was suspended because Claimant owed $17,765.88 in back child support. Claimant notified Employer that his driver's license had been suspended, causing a voluntary separation from his employment.

Thereafter, Claimant applied for benefits. The Philadelphia Unemployment Compensation Service Center (Service Center) denied benefits pursuant to section 402(b) of the Law because Claimant voluntarily quit work without a necessitous and compelling reason.[2] Claimant appealed and the referee affirmed. On further appeal the Board affirmed the referee and Claimant appeals to this Court.[3]

In this appeal Claimant argues the Board erred in finding his reason for quitting was not for cause of a necessitous and compelling nature. In particular, he contends the loss of use of his vehicle coupled with the suspension of his driver's license constitutes a necessitous and compelling reason for his decision to leave his employment. We disagree.

Initially, we note that a claimant who alleges that he has left a job for necessitous and compelling reasons has the burden of establishing the existence of those reasons for leaving his employment. *Fekos Enterprises v. Unemployment Compensation Board of Review,* 776 A.2d 1018 (Pa.Cmwlth.2001). Such reasons must result from "circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Id.* quoting *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 359, 378 A.2d 829, 832–33 (1977). Whether a termination of employment was for a necessitous and compelling reason is a conclusion of law to be made based upon the underlying facts and is reviewable by this Court. *Speck v. Unemployment Com-*

---

1. Section 402(b) of the Unemployment Compensation Law (Law). Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2987, *as amended,* 43 P.S. § 802(b). That section provides in relevant part, "[a]n employee shall be ineligible for compensation for any week ... (b) [I]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature...." 43 P.S. § 802(b).

2. The Service Center determined that Claimant is eligible for benefits under section 402(e) of the Law, but ineligible for benefits under section 402(b) of the Law. Further, the Ser-

vice Center noted that where a claimant is ruled both eligible and ineligible for benefits under different sections of the Law, the ineligible section prevails over the eligible section.

3. Our review of unemployment compensation cases is limited to a determination of whether the findings of fact are supported by substantial evidence and whether there was a violation of the constitution or agency procedure or an error of law. *Temple University of the Commonwealth System of Higher Education v. Unemployment Compensation Board of Review,* 565 Pa. 178, 772 A.2d 416 (2001).

*pensation Board of Review,* 680 A.2d 27 (Pa.Cmwlth.1996).

Moreover, this Court has held that, for transportation inconvenience to constitute such cause, a claimant must establish that the inconvenience presented an insurmountable problem and that he took reasonable steps to remedy or overcome the problem prior to terminating employment. *Charles v. Unemployment Compensation Board of Review,* 122 Pa.Cmwlth. 439, 552 A.2d 727 (1989). Further, we have held that a claimant whose commuting problems were occasioned by suspension of his driver's license following a conviction for driving under the influence did not have the requisite cause to justify a voluntary quit. *Kawa v. Unemployment Compensation Board of Review,* 132 Pa.Cmwlth. 446, 573 A.2d 252 (1990).

Here, the Board found that Claimant's position required him to maintain a valid driver's license. Claimant, however, lost his driver's license because he failed to pay child support. Thus, the loss of Claimant's license was through his own actions and, as we held in *Kawa,* does not provide him with a necessitous and compelling reason to voluntarily quit his employment. We, therefore, conclude that the Board did not err in finding that Claimant is ineligible for benefits under Section 402(b) of the Law.

Accordingly, we affirm the Board.

### ORDER

AND NOW, this 20th day of May, 2002, the order of the Unemployment Compensation Board of Review is affirmed.