**BARKEYVILLE BOROUGH, Appellant**

v.

**Wallace and Leanne STEARNS.**

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 2011.
Decided Jan. 13, 2012.

Raymond H. Bogaty, Grove City, for appellant.

Lawrence P. Lutz, Butler, for appellees.

BEFORE: PELLEGRINI, Judge,[1] and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge BROBSON.

Barkeyville Borough (Borough) appeals from an order of the Court of Common Pleas of Venango County (trial court), dated January 7, 2011, which affirmed a determination of the Office of Open Records (OOR) that Wallace and Leanne Stearns (Requesters) were entitled, pursuant to the Right to Know Law (RTKL),[2] to rec-

---

1. The decision in this case was reached prior to January 7, 2012, when Judge Pellegrini became President Judge.

2. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–.3104. The Pennsylvania Office of Open Records (OOR) operates under the RTKL. One of OOR's duties under the RTKL is to assign appeals officers to review, when challenged, decisions by local agencies in re- sponse to RTKL requests and issue orders and opinions on those challenges. *See* Section 1310 of the RTKL, 65 P.S. § 67.1310. Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a), authorizes the requester or the local agency to file a petition for review from a final determination by OOR appeals officer with the court of common pleas for the county where the local agency is located.

ords they requested from the Borough. OOR also granted Requesters attorney fees in the amount of $3,432.71. For the reasons that follow, we affirm in part and reverse in part.

On April 26, 2010, Requesters filed a request with the Borough, seeking "[a]ll e-mails, faxes, hand written notes from-to Bill Coursen, Randy Martin, Guy Surrera, William Valdeselse and council minutes from March through December 2010." (Reproduced Record (R.R.) at 223a.) On April 27, 2010, the Borough granted access to the requested minutes, but denied the request for correspondence stating that Requesters had previously been advised that "there were no e-mails, faxes or hand-written notes." (*Id.* at 160a.) Subsequently, Requesters appealed to OOR on May 5, 2010, contending that they had been told that emails do exist and may be on personal computers. (*Id.*) Raymond Bogaty, Borough's Counsel, responded on May 17, 2010, asserting that the Borough's computer "is not often used for correspondence and at least up to this point has not been the best functioning piece of equipment." (*Id.*) Mr. Bogaty also provided OOR with an affidavit from Borough Council (Council) President, William Coursen, which stated that the email records requested did not exist in the possession, custody, or control of the Borough. (*Id.*) In addition, the affidavit stated that Coursen, in his capacity as the Borough's Open Records Officer, requested copies of the emails Requesters requested, but received no response from other Council members. (*Id.*)

By final determination dated June 2, 2010, OOR granted Requesters' appeal and required the Borough to provide to Requesters existing e-mails in the possession, custody, or control of individual Council members. (*Id.* at 173a.) In making its determination, OOR concluded that the

"physical possession" of a record is not the litmus test of any agency performing its duties of disclosure, rather the test is one of control. (*Id.*) OOR concluded that the emails reflecting Council business that are in the possession of individual Council members and located on their personal computers are within the Borough's control. (*Id.*) Moreover, OOR determined that a lack of response from individual Council members was insufficient evidence to deduce that emails did not exist and ordered the Borough to turn over any remaining emails relating to Borough business. (*Id.*) The Borough then appealed to the trial court.

A hearing was held on November 30, 2010. Mr. Stearns testified to having personally collected emails from Council members discussing Borough business via personal computers. (*Id.* at 40a–41a.) During his testimony, Mr. Stearns also read emails into the record that were between Council members and which discussed Borough business. (*Id.* at 47a–56a.) In addition, individual Council members testified at the hearing before the trial court, admitting to, at some point, receiving emails on personal computers. (R.R. at 70a, 77a, 97a, 99a, 107a.) However, those Council members testified that any emails containing Borough business have been deleted or could not be found upon a search. (*Id.* at 70a, 105a, 108a, 117a–18a.) Additionally, none of the computers used by Council members were purchased, endorsed, managed, or condoned by the Borough.

The trial court affirmed OOR's Final Determination by opinion and order dated January 7, 2011, and awarded Requesters attorney fees in the amount of $3,432.71. (Trial court opinion and order, attached to Appellant's Brief.) The trial court determined that the emails requested were records under the RTKL because those emails pertained to two certain develop-

ment plans and were created and received in connection with Borough business. (*Id.*) The trial court, in reaching its conclusion, distinguished the current case from *In re Silberstein*, 11 A.3d 629 (Pa.Cmwlth. 2011), a case in which this Court determined that emails between a township commissioner and citizens of a municipality on a personal computer were not public records under the RTKL. *In re Silberstein*, 11 A.3d at 633. Furthermore, the trial court concluded that the emails on the Council members' personal accounts were public records under the RTKL and were not subject to an exemption or privilege. (Trial court opinion and order at 5–6, attached to Appellant's Brief.) The trial court went on to note that even deleted emails continue to exist from the moment of transmission and may be accessed from any computer with internet connection. (*Id.*) The Borough then filed a notice of appeal with the trial court.[3]

■ On appeal,[4] the Borough argues that emails on privately owned computers are not public records subject to the RTKL. Second, the Borough argues that the trial court erred in awarding attorney fees to Requesters because the issue has been litigated in good faith and is not frivolous.

## I. PUBLIC RECORDS

■ Whether sought after information constitutes a "public record" is a pre-

liminary, threshold issue that must be decided before reaching the question of whether any exceptions under Section 708 of the RTKL, 65 P.S. § 67.708, apply. The burden of proving that a requested piece of information is a "public record" lies with the requester. There are three sections of the RTKL relevant to determining whether requested information constitutes a "public record." Section 102 of the RTKL, 65 P.S. § 67.102, defines "public record," in pertinent part, as "[a] *record* . . . of a Commonwealth or local agency." (Emphasis added.) Section 305 of the RTKL, 65 P.S. § 67.305, provides, in pertinent part, that "[a] *record* in the possession of a Commonwealth agency or local agency shall be presumed to be a public record." (Emphasis added.) Finally, Section 506(d)(1) of the RTKL, 65 P.S. § 67.506(d)(1), provides:

A public record that is not in the possession of an agency but is in the possession of a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which directly relates to the governmental function and is not exempt under this act, *shall be considered a public record of the agency* for purposes of this act.

(Emphasis added.)[5] The necessary implication under each of these sections is that a requested piece of information must con-

---

**3.** The Borough filed a motion to vacate the trial court's decision and order following our decision in *Silberstein*, which was denied by the trial court. (R.R. at 152a, 182a–195a.)

**4.** This Court's review in a statutory appeal is "limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision." *Piasecki v. Dep't of Transp., Bureau of Driver Licensing,* 6 A.3d 1067, 1070 n. 7 (Pa.Cmwlth.2010). "The scope of review for a question of law under the [RTKL] is

plenary." *Stein v. Plymouth Twp.,* 994 A.2d 1179, 1181 n. 4 (Pa.Cmwlth.2010).

**5.** In *Allegheny County Department of Administrative Services v. A Second Chance, Inc.,* 13 A.3d 1025 (Pa.Cmwlth.2011) (*Second Chance*), this Court addressed the General Assembly's dual use of the term "public record" in Section 506(d)(1) of the RTKL. Using the rules of statutory construction, we determined that the General Assembly's first use of "public record" in Section 506(d)(1) of the RTKL was unintended and must be interpreted to mean "record." *Second Chance,* 13

stitute a "record" under the RTKL in order to constitute a "public record" under the RTKL. *Bari*, 20 A.3d at 640. This Court, therefore, must first determine whether the correspondence sought constitutes a "record" under the RTKL.

"Record" is expressly defined in the RTKL, as follows:

Information, regardless of physical form or characteristics, *that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency.* The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a date-processed or image-processed document.

Section 102 of the RTKL, 65 P.S. § 67.102. (Emphasis added.) This definition contains two parts. First, the information must "document a transaction or activity of the agency." Recently, this Court, in *Second Chance*, interpreted "documents" to mean "proves, supports [or] evidences." *Second Chance*, 13 A.3d at 1034–35; *Bari*, 20 A.3d at 641. Second, the information must be "created, received, or retained" in connection with the activity of the agency. Here, the emails contained in the record are between Council members, discussing Borough business, and those discussions "document[ ] a transaction or activity" of the Borough, namely the Borough's consideration of land development plans. (R.R. at 202a–16a.) The land development plans are evidenced through the email content. The emails meet the second part of Section 102 because the emails were "created" by Council members, in connection with their positions as public officials. As a result,

the emails requested meet the definition of "record" found in Section 102 of the RTKL.

A determination that the emails in question are "records" under the RTKL comports with this Court's recent decision in *Mollick v. Township of Worcester*, 32 A.3d 859 (Pa.Cmwlth.2011). In *Mollick*, this Court established that emails between township supervisors on personal computers were "records" under the RTKL. In reaching this conclusion we stated that:

[R]egardless of whether the Supervisors herein utilized personal computers or personal email accounts, if two or more of the Township Supervisors exchanged emails that document a transaction or activity of the Township and that were created, received, or retained in connection with a transaction, business, or activity of the Township, the Supervisors may have been acting as the Township, and those emails could be 'records' 'of the Township.' As such, any emails that meet the definition of 'record' under the RTKL, even if they are stored on the Supervisors' personal computers or in their personal email accounts, would be records of the Township.

*Mollick*, at 872.

In this instance, the Council members were engaged in an activity identical to that of the township supervisors in *Mollick*. The Council members exchanged emails that documented the Borough's consideration of land development plans. Those Council members were acting in their official capacity as elected officials of the Borough while exchanging the emails in question. Accordingly, based on the definition of "record" found in the RTKL and the precedent set out in *Mollick*, we

A.3d at 1036–39; *Office of the Governor v. Bari*, 20 A.3d 634, 640 n. 12 (Pa.Cmwlth. 2011) (*Bari*).

conclude that the emails, regardless of the fact that they were composed on personal accounts, are records under the RTKL.

■ Having concluded that the emails between Council members are "records," we note that those emails are not subject to disclosure unless they also qualify as "public records" under the RTKL. Therefore, we must next determine whether the requested emails are public records. As addressed above and as this Court stated in *Bari,* there are three sections of the RTKL relevant to determining whether requested information constitutes a "public record"—Sections 102, 305, and 506(d). *Bari,* 20 A.3d at 640. Because there is no contract to perform a governmental function between the Borough and the Council members, Section 506(d) of the RTKL is inapplicable to this case.

■ Under Section 305 of the RTKL, "a record in the *possession* of a Commonwealth agency . . . shall be presumed to be a public record." (Emphasis added.) Here, the Borough has emphatically stated, throughout the hearing in front of the trial court, that it is not in the physical possession of any emails, beyond the emails already produced, that were composed via personal email accounts. Our Supreme Court has stated that "a public entity's lack of possession of an existing writing at the time of the request pursuant to the RTKL is not, by itself, determinative of the question of whether the writing is a public record subject to disclosure." *Tribune–Review Publ'g Co. v. Westmoreland Cnty. Housing Auth.,* 574 Pa. 661, 671, 833 A.2d 112, 118 (2003). The true inquiry is whether the document is subject to the control of the agency. *Id.* In other words, constructive possession qualifies as possession under the RTKL to presume that a record is a *public* record based on Section 305. Therefore, we must determine whether of the emails from individual

Council members' personal accounts are subject to the Borough's control. We conclude that they are. A borough, made up of individual council members, acts and carries out its duties through its council members. The council members are an integral part of borough government. Therefore, we cannot say that simply because emails are in the personal accounts of individual Council members that they are not in the possession of the Borough. Accordingly, because these emails are in the possession of the Borough, by and through the individual Council members, these emails are presumably public records under Section 305 of the RTKL.

Having concluded that the presumption does apply, the Borough may rebut that presumption with a showing that the emails do not constitute "public records" under Section 102 of the RTKL. The RTKL provides the following definition:

**"Public record."** A record, including a financial record, *of a Commonwealth or local agency* that:

(1) is not exempt under section 708;

(2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree;

(3) is not protected by a privilege.

Section 102 of the RTKL. (Emphasis added.)

The Borough urges this Court to follow the precedent of *Silberstein* to conclude that these emails are not "of" the Borough and, therefore, cannot be public records. Accordingly, the Borough contends that these emails are private property. *Silberstein,* while factually similar to our case, is not controlling. The main issue in *Silberstein* was whether emails or documents on a township commissioner's personal computer were public records. *Silberstein,* 11 A.3d at 633. This Court held that emails

created individually by the township commissioner could not be records as they were not "of" a local agency. *Id.* In so holding, we opined as follows:

> [A] distinction must be made between transactions or activities of an agency which may be a 'public record' under the RTKL and the emails or documents of an individual public office holder. As pointed out by the trial court, Commissioner Silberstein is not a governmental entity. He is an individual public official with no authority to act alone on behalf of the Township.
>
> Consequently, emails and documents found on Commissioner Silberstein's personal computer would not fall within the definition of record as any record personally and individually created by Commissioner Silberstein would not be a documentation of a transaction or activity of York Township, as the local agency, nor would the record have been created, received or retained pursuant to law or in connection with a transaction, business or activity of York Township. In other words, unless the emails and other documents in Commissioner Silberstein's possession were produced with the authority of York Township, as a local agency, or were later ratified adopted or confirmed by York Township, said requested records cannot be deemed 'public records' within the meaning of the RTKL as the same are not 'of the local agency.'

*Id.*

*Silberstein* involved email correspondence between the township commissioner and members of the public. The case before us, on the other hand, involves emails *between* Council members concerning Borough business. This distinction is one recognized by the trial court as well as this Court in *Mollick.* *Mollick,* at 873–74. While the Borough argues that this dis-

tinction is one without significance, we disagree. If this Court allowed Council members to conduct business through personal email accounts to evade the RTKL, the law would serve no function and would result in all public officials conducting public business via personal email. Accordingly, because *Silberstein* is inapplicable here, we must analyze only whether the emails are "of" the Borough in accordance with Section 102 of the RTKL.

■ In *Second Chance,* this Court discussed the requirement found in Section 102 of the RTKL's definition of "public record" that a record be "of" the agency, explaining that "[t]he word 'of' is a preposition, used generally to indicate the object's origin, its owner or possessor, or its creator." *Second Chance,* 13 A.3d at 1035–36; *see Bari,* 20 A.3d at 643. Holding that certain information in *Second Chance* was not subject to disclosure under the RTKL, we opined as follows:

> There is nothing in the record to indicate that the information in question originated with [the] County, that [the] County has any ownership or possessory interest in the information, or that [the] County played any role in creating the information. Indeed, the [requested information] appear[s] to be information that only [Second Chance] created, possesses, or owns.

*Second Chance,* 13 A.3d at 1035–36.

In this instance, we conclude that the emails between individual Council members are "of" the Borough. The emails sought by Requesters are emails *created* by public officials, in their capacity as public officials, for the purpose of furthering Borough business. The Borough created the information sought, because, as previously discussed, the individual Council members make up the Borough government. As a result, the Borough has ownership in the emails. Moreover, it is

evident that the emails produced at trial discuss Borough business, (R.R. at 202a–05a; 206a–09a), when comparing those emails to the Borough minutes produced, (RR. 217a–18a; 214a, 219a.)

Therefore, the presumption of a public record applies to the Borough emails pursuant to Section 305 of the RTKL. While the Borough had an opportunity to rebut that presumption, it failed to do so and the emails are "of" the Borough pursuant to Section 102 of the RTKL.[6] Accordingly, the trial court did not err, and the Borough must turn over any remaining emails discussing Borough business.

## II. ATTORNEY FEES

■ Finally, we must determine whether the trial court erred as a matter of law in awarding attorney fees to Requesters. Section 1304 of the RTKL, 65 P.S. § 67.1304, discusses court costs and attorney fees. Specifically, the statute provides the following:

(a) REVERSAL OF AGENCY DE-TERMINATION.—If a court reverses the final determination of the appeals officer or grants access to a record after a request for access was deemed denied, the court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to a requester if the court finds either of the following:

(1) the agency receiving the original request willfully or with wanton disregard deprived the requester of access to a public record subject to access or otherwise acted in bad faith under the provisions of this act; or

(2) the exemptions, exclusions or defenses asserted by the agency in its final determination were not based on a reasonable interpretation of law.

(b) SANCTIONS FOR FRIVOLOUS REQUESTS OR APPEALS.—The court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to an agency or the requester if the court finds that the legal challenge under this chapter was frivolous.

(c) OTHER SANCTIONS.—Nothing in this act shall prohibit a court from imposing penalties and costs in accordance with applicable rules of court.

In the trial court opinion, there is no finding of fact or discussion pertaining to attorney fees. Based on Section 1304 of the RTKL, the trial court must find a willful and wanton disregard of access on the agency's part, an unreasonable interpretation of the law, or a frivolous appeal. There is no evidence in the record that the Borough acted in bad faith or that it unreasonably interpreted the law. Furthermore, based on our recent decision in *Silberstein,* the Borough's reliance on *Silberstein* does not render the appeal

---

**6.** We specifically highlight that even if items are found to be "public records," Section 102 of the RTKL, provides that an exemption may be applicable under Section 708 of the RTKL. Here, the Borough has not asserted any exemption, but had it argued as such, we believe Section 708(10)(i)(A) of the RTKL, 65 P.S. § 67.708(10)(i)(A), would apply. Section 708(10)(i)(A) of the RTKL provides that the following records are exempt from disclosure:

The internal, predecisional deliberations of an agency, its members, employees or officials or predecisional deliberations between agency members, employees or officials and members, employees or officials of another agency, including predecisional deliberations relating to a budget recommendation, legislative proposal, legislative amendment, contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations.

However, having failed to argue or brief an exemption, the issue is waived. *Van Duser v. Unemployment Comp. Bd. of Review,* 164 Pa. Cmwlth. 96, 642 A.2d 544 (1994).

frivolous, even though we do not find *Silberstein* controlling. Because there is no basis to award attorney fees under Section 1304 of the RTKL, we conclude that the trial court committed an error of law in awarding attorney fees.

Accordingly, we affirm the trial court's order to the extent that it directs the Borough to produce any remaining emails, and we reverse the trial court's award of attorney fees.

### ORDER

AND NOW, this 13th day of January, 2012, the order of the Court of Common Pleas of Venango County is hereby AFFIRMED to the extent that it directs Barkeyville Borough (Borough) to produce to Appellees any remaining emails concerning Borough business. The order of the Court of Common Pleas of Venango County is hereby REVERSED with respect to its award of attorney fees.