### 524 A.2d 540

Harry Coraluzzi, Jr., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs February 23, 1987, to Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Jeffrey M. Seiken, Rovner, Allen, Seiken & Rovner Law Offices,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, April 16, 1987:

In this appeal by a vehicle driver from an order of the Court of Common Pleas of Philadelphia County which affirmed an operator's license suspension imposed upon him by the Department of Transportation for refusal to submit to a breathalyzer test, the Statement of Questions Involved in the driver's brief relates solely to whether the driver's refusal was a knowing and intelligent one. Thus, under Pa R.A.P. 2116(a), only that issue is presented because points not set forth or suggested in Statement of Questions Involved are not to be considered.

According to the contentions in the driver's brief, his state of intoxication was such that his refusal was not knowing or intelligent. Of course, intoxication cannot legally constitute a defense in these cases. *Walthour v. Department of Transportation,* 74 Pa. Commonwealth Ct. 53, 458 A.2d 1066 (1983).

Moreover, review of the factual basis for the driver's contention is not possible because, through counsel, he has failed to have the evidence in the trial court transcribed for the purpose of this appeal as required by Pa. R.A.P. 1911(a). Nor does the record reveal any order for diminution of transcription under Pa. R.A.P. 1922(b), so as to authorize an exemption from the duty to have testimony transcribed.

Therefore, the appellate rules authorize dismissal of this appeal for failure to have a transcript of evidence prepared, Pa. R.A.P. 1911(d).

Pursuant to Pa. R.A.P. 2744, the department requests that we award it a reasonable counsel fee with respect to this appeal, as further costs, on the ground that this appeal is frivolous and taken solely for delay.

The casual nature of the brief filed on behalf of the driver, along with the unexplained absence of a transcript of the testimony, provide solid support for the department's position. The argument section of the brief consists of 1¼ pages, devoid of any citation of authority pertaining to the merits of the case.

In view of these factors, the court hereby finds and determines that this appeal is frivolous, that it has been taken solely for delay, and that the conduct of the appellant has been dilatory.

Therefore, the order of this court will not only dismiss the appeal but will also impose upon the appellant an obligation to reimburse the Commonwealth for a reasonable amount of counsel fees.

This case will be remanded to the trial court to determine the amount to be paid to the department in accordance with Pa. R.A.P. 2744.

## ORDER

Now, April 16, 1987, the appeal from the order entered by the Court of Common Pleas of Philadelphia County under date of April 24, 1985, at No. 894 of November Term of 1984, is hereby dismissed.

Pursuant to Pa. R.A.P. 2744, the appellant, in addition to being liable to reimburse printing costs, shall be liable to the Commonwealth of Pennsylvania, appellee, for reasonable counsel fees related to this appeal, as may be reflected by a bill of costs to be filed on behalf of the Commonwealth in the trial court, to which this case is hereby remanded to determine the amount to be paid to the Commonwealth.