**PITTSBURGH LEADERSHIP
FOUNDATION,
Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 2, 1994.

Decided Jan. 27, 1995.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

COLINS, President Judge.

This is a petition for review brought by the Pittsburgh Leadership Foundation (petitioner) from the February 22, 1994 order of the Unemployment Compensation Board of Review (Board), affirming the referee's April 20, 1993 decision that found Carol A. Cheek (claimant) eligible for benefits under the Unemployment Compensation Law (Law).[1]

Claimant was employed by the petitioner for eight years as an administrative assistant, with her last day of work being February 1, 1993. After her separation from employment with petitioner, claimant filed an application for unemployment benefits that was denied by the local job center. Claimant appealed and, following a hearing attended by claimant and her counsel and by petitioner's representative and witness, the referee reversed the determination and found claimant eligible for benefits. Petitioner appealed from this decision and, after hearing argument from both claimant's and petitioner's counsel, the Board concluded that petitioner was not organized primarily for religious purposes. *Thomas v. Unemployment Compensation Board of Review*, 133 Pa.Commonwealth Ct. 623, 577 A.2d 940 (1990), *appeal quashed*, 527 Pa. 606, 589 A.2d 695 (1991).

The Board's fact findings indicate that Petitioner is a "Christian-based organization" but "not a church," and is a non-profit corporation having a board of directors that includes only two clergymen. Additional findings by the Board indicate that petitioner receives funds from a charitable trust and contributions from individuals and private endowments, is not principally supported by a church or association of churches, does not require its employees to be members of the clergy, and sponsors counseling for troubled youth, prisoners, addicts and victims of abuse. Based on the foregoing fact findings, the Board concluded that the exempt status provisions of Section 4(*l*)(4)(8) of the Law[2]

Jeffrey R. Owen, for petitioner.

Lisa Jo Fanelli, Asst. Counsel, for respondent.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914.

2. Section 4(*l*)(4)(8), 43 P.S. § 753(*l*)(4)(8) provides that employment, for the purposes of Articles X, XI, and XIII, does not include:

were not applicable to petitioner, that claimant had met the base year wage requirements rendering her eligible for benefits, and, accordingly, affirmed the referee's decision. The present petition for review followed.

∎ Our scope of review is limited to determining whether necessary findings are supported by substantial evidence and whether the Board has committed legal error or constitutional violations. *Sargent v. Unemployment Compensation Board of Review*, 157 Pa.Commonwealth Ct. 534, 630 A.2d 534 (1993).

∎ Petitioner argues that it is operated primarily for religious purposes and hence meets the criteria for exemption from an employer's obligations under the Law. Petitioner also challenges the Board's conclusion that the "religiosity of the organization is only indirect in nature" as infringing upon petitioner's constitutional right to free exercise of religion. Finally, it is petitioner's contention that the record in this case is inadequate for the Court to conduct a meaningful appellate review and, therefore, that this matter should be remanded for the Board to conduct another hearing to create an adequate record.

∎ Contrary to petitioner's averments, we find, upon review, that petitioner was afforded a full hearing with an opportunity, equal to that given the claimant, to present witnesses and any other relevant evidence, thereby making remand unnecessary. Further, it is not this Court's function to usurp the Board's role as fact finder when the Board's determination is supported by substantial evidence, as in this case, that petitioner's primary function and activities cannot be deemed those of a religious organization, exempt from the requirements the Law imposes upon employers. Specifically, at the April 6, 1993 hearing, the following relevant testimony was elicited from David L. Chilcote, petitioner's Director of Administration:

Q. Okay. The Pittsburgh Leadership Foundation is not a church, correct?

A. No, it is not a church.

Q. And it receives funds from Pittsburgh National Bank Charitable Institute Trust perhaps?

A. Some.

. . . .

Q. And what percentage of support or contributions do you receive from the private sector as opposed from religious organizations?

. . . .

A. The private sector of contributions would be very high.

Q. So you cannot testify that Pittsburgh Leadership Foundation is principally supported by a church, correct?

A. I will testify that they are not principally supported by a church.

Q. Yes, or a conventional or association of churches?

A. That is correct.

Similarly, the following testimony of Donald R. Uber, petitioner's certified public accountant, negates petitioner's claimed status as a religious organization exempt from unemployment tax obligations under the Law.

A. ... Mr. Noonan [claimant's counsel] has stated the purpose, the fact that the Board of Directors of the foundation are not ministers. There is one, two ministers on the board. If you want to call that controlled—if you say that the Board of Directors controls the foundation then that is not principally a church. We're not principally supported by a church....

Based on the foregoing discussion, we find that the Board did not err and that its affir-

(a) Service performed in the employ of (i) a church or convention or association of churches or (ii) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches; or

(b) by a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry or by a member of a religious order in the exercise of duties required by such order;

mance of the referee's order is supported by substantial evidence.

The February 22, 1994 order of the Unemployment Compensation Board of Review is affirmed.

### ORDER

AND NOW, this 27th day of January, 1995, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.