**The COUNTY OF VENANGO, Pennsylvania**

**v.**

**The HOUSING AUTHORITY OF THE COUNTY OF VENANGO, Gary H. Kearney, Thomas W. Oelkrue, Michael J. Echenoz, Joseph M. Stahlman and Max M. Serafin in their official capacity as members of the Housing Authority of the County of Venango, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 2005.

Decided Feb. 18, 2005.

Wayne H. Hundertmark, Franklin, for appellants.

George G. Thompson, Franklin, for appellee.

BEFORE: PELLEGRINI, Judge, COHN JUBELIRER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge PELLEGRINI.

The Housing Authority of the County of Venango and certain members of its

Board[1] (collectively, Housing Authority) appeal from an order of the Court of Common Pleas of Venango County (trial court) holding that the Venango County (County) Board of Commissioners (Commissioners) had the power to appoint members to the Housing Authority.

In 1977, pursuant to the Housing Authority Law (HAL), Act of May 28, 1937, P.L. 955, *as amended*, 35 P.S. §§ 1541–1568.1, the Commissioners created the Housing Authority and appointed its members. The Housing Authority adopted by-laws, two of which involve appointment of its members: Article V of the by-laws provides that "[m]embership shall be perpetual and continuous from the initial appointment unless in the event of death, resignation, or dismissal, by the Housing Authority." A residency requirement insists that any new member, "must be from the same geographic location, i.e., Northeast, Northwest, Central, Southeast, Southwest" as the prior member.

At a May 1, 2002 meeting, the Commissioners appointed J. Edward Adams (Adams) to the Housing Authority. The Housing Authority, however, refused to seat Adams as a member because it claimed that it had already reappointed Thomas W. Oelkrue to refill the vacancy in 2002. In addition, the Housing Authority also reappointed Gary H. Kearney (Kearney) in 2003 after his term had expired even though the Commissioners did not appoint anyone to replace Kearney.

In response, the County filed an action for declaratory judgment and an action in mandamus against the Housing Authority, challenging reappointments of its members and the two amendments to the Housing Authority's by-laws governing appointment and reappointment of the Housing Authority members, as well as the expiration dates for its members' terms. After the Housing Authority filed an answer and new matter to the County's action, the County filed a motion for judgment on the pleadings, averring that the facts were undisputed and that the County was entitled to judgment as a matter of law.

Because the Commissioners had the power to make initial appointments upon formation of the Housing Authority,[2] the trial court determined that the Commissioners were the "appointing power" given the power to fill vacancies in Section 6 of the HAL, 35 P.S. § 1546.[3] The trial court

---

1. Gary H. Kearney, Thomas W. Oelkrue, Michael J. Echenoz, Joseph M. Stahlman and Max M. Serafin, are appealing in their official capacity as members of the Housing Authority of the County of Venango.

2. Section 5(a) of the HAL provides:
   § 1545. Appointment of members of an Authority.
   (a) The board of county commissioners for any county upon issuing a certificate declaring the need for an Authority to operate in such county or upon receiving notice of the issuance of such certificate by the Governor, shall appoint five citizens, residents of the county, to be members of the housing authority which is to operate within such county. Such members shall be citizens residing within the county for which the Authority is created.

35 P.S. § 1545(a).

3. This provision provides, in relevant part:
   No more than two persons holding any other paid public office shall be members of the same housing authority at the same time. The members who are first appointed shall serve for terms of one, two, three, four, and five years, respectively, from the date of their appointment, as shall be specified at the time of their appointment. Thereafter the term of office shall be five years.... A member shall hold office until his successor has been appointed. *Vacancies for unexpired terms shall be promptly filled by the appointing power.*
   35 P.S. § 1546. (Emphasis added.)

also ordered that the residency requirement and perpetual term amendment both be stricken from the Housing Authority's by-laws, and specified the term expiry dates[4] for each of the Housing Authority's members.[5] This appeal followed.[6]

On appeal, the Housing Authority argues that the trial court erred in holding that the Commissioners were the "appointing power" within the meaning of Section 6 of the HAL because it is the General Assembly's intent that housing authorities are to remain independent from counties that created them. Taking into consideration that legislative intent, it argues that that the proper interpretation of the term "appointing authority" within Section 6 of the HAL is that the Housing Authority itself and not the Commissioners is the "appointing authority" making appointments to and filling vacancies on its own Board.

While we agree with the Housing Authority that nowhere in the HAL does it specifically define who is the "appointing power" and that authorities are independent,[7] from a reading of all the provisions of the Act, the only reasonable meaning of "[v] acancies for unexpired terms shall be promptly filled by the appointing power" is that "appointing power" is the entity that created it, that was designated to appoint the initial members, and given the power to dissolve it[8]—the County Commissioners. The "only" selection power given by the HAL to the Housing Authori-

---

4. Specifically, the trial court designated the following term ending dates for each of the members of the Authority's Board: December 31, 2003, for Joseph M. Stahlman; December 31, 2004, for Max M. Serafin; December 31, 2005, for Michael J. Echenoz; December 31, 2006, for Adams; and December 31, 2007, for Kearney (serving in vacancy until a successor is appointed).

5. The Housing Authority did not raise any objections to the parts of the trial court's order specifying the term expiry dates for its members and striking the residency requirement and perpetual term amendment from the Housing Authority's by-laws in its statement of questions involved or in its argument section of its brief. Because no point will be considered which is not set forth in the statement of questions involved or suggested thereby, and issues not briefed are waived on appeal, we will not address these issues on appeal. *See* Pa. R.A.P. 2116(a); *see also Coraluzzi v. Commonwealth*, 105 Pa.Cmwlth. 305, 524 A.2d 540 (1987) and *Van Duser v. Unemployment Compensation Board of Review*, 164 Pa.Cmwlth. 96, 642 A.2d 544 (1994).

6. On appeal from a trial court's decision granting judgment on the pleadings, our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *School Security Services, Inc. v. Duquesne City School District*,

851 A.2d 1007 (Pa.Cmwlth.2004). When reviewing the trial court's decision, we may consider only the pleadings, accepting as true all well pled statements of fact, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed. *Id.* Further, we may sustain the trial court's grant of judgment on the pleadings only where the movant's right to succeed is certain and the case is so free from doubt that trial would be a fruitless exercise. *Id.*

7. The Housing Authority argues that under Section 4(a) of the HAL, the Commissioners could not be considered the "appointing power" because that provision provides that a housing authority is "in no way to be deemed to be an instrumentality of the ... county." *See* 35 P.S. § 1544(a). However, just because one entity is given the power to appoint the board of another entity does not mean that the latter becomes an instrumentality of the appointing entity. In fact, many executive branch offices of local, state and federal governments appoint many other positions of which are not under their control or involve another instrumentality or branch, including judicial appointments, and all remain independent by law.

8. *See* Section 4.2 of the HAL, 35 P.S. § 1544.2.

ty Board is to appoint its own Chairman and Vice Chairman, its staff and employees;[9] nowhere is it given the power to appoint its own board members.

Not only does the HAL's statutory scheme not support the Housing Authority interpretation that it is the "appointing power," its interpretation that unelected authority board members can perpetuate themselves in office until death and that a board member may choose his or her successor is inherently anti-democratic; it would create shadow governments not even indirectly answerable to elected officials and the electorate. Authorities are public bodies entrusted with public funds and they carry out public responsibilities. While the General Assembly wanted authorities insulated from day-to-day politics, by making the "appointing power" elected officials, it recognized a principle at the core of a representative democracy—elections should make a difference and the public bodies should be answerable to the electorate.[10] If the electorate is dissatisfied with how an authority's board is carrying out its public responsibilities, then it can vote out of office the elected officials that appointed the members of the board.

Accordingly, because under Section 6 of the HAL the "appointing authority" is the Commissioners, the order of the trial court is affirmed.

**9.** Section 7 of the HAL provides, in pertinent part:

§ 1547. Organization of an Authority.
The members of an Authority shall select from among themselves a chairman and a vice-chairman. The Authority may employ a secretary, such technical experts, and such other officers, agents, and employes, permanent or temporary, as it may require, and may determine the qualifications of such persons. . . .
35 P.S. § 1547.

**10.** Article III, Section 31 of the Pennsylvania Constitution also provides that "[t]he General Assembly shall not delegate to any special commission, private corporation or association, any power to make, supervise or interfere with any municipal improvement, money, property or effects, whether held in trust or otherwise, or to levy taxes or perform any municipal function whatever." P.A. CONST. art. III, § 31. To adopt the Housing Authority's position would implicate this provision because essentially it would turn the Housing Authority into something more akin to a nonprofit corporation than a public body.

## ORDER

AND NOW, this *18th* day of *February*, 2005, the order of Court of Common Pleas of Venango County granting the County of Venango's motion for judgment on the pleadings of its action for declaratory judgment and action in mandamus against the Housing Authority of the County of Venango is affirmed.