**IMANI CHRISTIAN ACADEMY,**
Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 2011.
Decided March 21, 2012.

Justin T. Romano, Pittsburgh, for petitioner.

Maribeth Wilt–Seibert, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge,[1] and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge BROBSON.

Petitioner Imani Christian Academy (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a Referee's determination and found Claimant eligible for unemployment compensa-

tion benefits. For the reasons that follow, we affirm.

The underlying dispute involves former employee, Orienta Nevels (Claimant), and the termination of her employment as assistant to Employer's head master on June 15, 2010. Claimant's salary was $38,500.00. Upon Claimant's termination, she applied for unemployment compensation benefits with the Duquesne UC Service Center (Service Center). The Service Center determined that Claimant was ineligible for benefits, because she did not have sufficient wages in her base year. In calculating her wages, the Service Center excluded wages from her employment with Employer based on the Service Center's conclusion that Claimant's employment did not constitute covered employment under Section 4($l$)(4)(8)(a) of the Unemployment Compensation Law (Law).[2] The Service Center, thus, only took into account Claimant's wages from a previous job with Northside Urban Pathways, excluding Claimant's wages from Employer. Claimant's highest wages from Northside Urban Pathways, which occurred in the second quarter of 2009, totaled $5,124.00 when rounded to the nearest dollar. Based upon the highest quarter of wages Claimant earned within the total base year, the Service Center determined that Claimant's wages were insufficient to qualify for benefits. Claimant appealed that determination.

At the hearing before a Referee, Employer presented the testimony of Ray Sisak, Employer's financial manager. Mr. Sisak stated that Employer is a Christian

---

1. This case was assigned to the opinion writer before January 7, 2012, when Judge Pellegrini became President Judge.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 753(4)($l$)(4)(8)(a). Section (4)($l$)(4)(8)(a) of the Law excludes from the definition of "employment" "[s]ervice performed in the employ of (i) a church or convention or association of churches or (ii) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches."

school that "operates for educational purposes with strong religious influence" from Petra International Ministries (Petra), a church. (Reproduced Record (R.R.) at Item No. 3, p. 8.) Employer is a nonprofit organization separate and apart from Petra. (*Id.* at p. 7.) Further, Mr. Sisak testified that many Petra elders serve on Employer's board of directors and many of Employer's employees are both members of the church and elders of the church. (*Id.* at p. 8.) While the school and Petra, at one time, shared a building in which there was a rental agreement, Employer currently operates in a separate space. Moreover, Employer pays its own bills and receives zero funding from Petra. (*Id.*)

Following the hearing, the Referee concluded that Claimant had sufficient wages and was eligible for unemployment compensation benefits based on the fact that Employer is a separate entity operating independently from Petra and, therefore, did not fall under the exemption provided by Section 4(*l*)(4)(8)(a) of the Law. Employer appealed to the Board, which affirmed the Referee's determination and granted Claimant unemployment compensation benefits. On appeal, the Board adopted the Referee's findings of fact, which included, in part, the following findings relevant to Employer's status under Section 4(*l*)(4)(8)(a) of the Law:

1. For the purposes of this appeal, the claimant was employed with Imani Christian Academy for approximately one year as a full-time Assistant to the Head Master earning $38,500.00 per a[sic] year. The claimant's last day of work was June 15, 2010.

2. Imani Christian Academy is a nonprofit organization operated primarily for educational purposes with a strong religious influence.

3. Imani Christian Academy was initially founded by Petra International Ministries.

4. Imani Christian Academy is legally separate from Petra International Ministries.

5. Imani Christian Academy currently receives no funding from Petra International Ministries.

6. Prior to January 6, 2010, Imani Christian Academy rented a facility from Petra International Ministries.

7. Effective January 6, 2010, the Imani Christian Academy purchased its own school facility.

8. Prior to the claimant's employment with Imani Christian Academy, the claimant was employed with Northside Urban Pathways.

(R.R. at Item No. 4, p. 1–2.)

The Board also adopted the Referee's conclusions of law. In so doing, the Board determined that Employer was a nonprofit organization *legally separate* from its founder, Petra, and operated primarily for *educational* purposes. (*Id.* at p. 2.) The Board also found that Employer received no funding from Petra, and, even though Employer rented a facility from Petra when Claimant began employment, Employer subsequently purchased its own facility in January 2010. (*Id.*) The Board concluded that, based on these circumstances, Employer does not constitute a church or convention or association of churches or an organization that is operated primarily for *religious* purposes and that is operated, supervised, controlled or primarily supported by a church, or convention or association of churches. (*Id.*) Therefore, services performed by Claimant constituted covered employment, and wages earned through Employer were to be considered in determining financial eligibility. (*Id.*)

■ On appeal,[3] Employer argues that

3. This Court's standard of review in an agency appeal is limited to determining whether

the Board erred as a matter of law in determining that Claimant was eligible to receive benefits because Claimant's employment should be exempt under Section 4($l$)(4)(8)(a) of the Law.[4] Employer also argues that its right to free exercise of religion under the First Amendment to the United States Constitution will be infringed upon if Claimant is found eligible for unemployment compensation benefits.

Under the Section (4)($l$)(1) of the Law, 43 P.S. § 753(4)($l$)(1), the term "employment" is defined as "all personal service performed for remuneration by an individual under any contract of hire, express or implied, written or oral, including service in interstate commerce, and service as an officer of a corporation." As noted above, Section (4)($l$)(4)(8)(a) excludes from the definition of "employment" "[s]ervice performed in the employ of (i) a church or convention or association of churches or (ii)

an organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches." At the outset, we must note, however, that courts do not employ the second prong of Section (4)($l$)(4)(8)(a)(ii), requiring the organization to be "operated, supervised, controlled or principally supported by a church or convention or association of churches," to disqualify from the exemption organizations operated primarily for a religious purpose that would otherwise be entitled to the exemption. *The Christian Association of Greater Harrisburg v. Department of Labor and Industry*, 55 Pa.Cmwlth. 555, 423 A.2d 1340 (1980). To do so would impermissibly differentiate between organizations operated primarily for religious purpose that are "operated, supervised, controlled or principally supported by a church or convention or association of churches" and those that are not.[5]

constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. We note that Employer raised an additional issue in its Petition for Review. Specifically, Employer argued that the Board's findings of fact were not supported by substantial evidence. (R.R. at Item No. 7, p. 4.) However, Employer failed to brief that issue, and, therefore, the issue is waived. Pa. R.A.P. 2116; *Van Duser v. Unemployment Comp. Bd. of Review*, 164 Pa.Cmwlth. 96, 642 A.2d 544 (1994); *Coraluzzi v. Cmwlth.*, 105 Pa.Cmwlth. 305, 524 A.2d 540 (1987).

5. In *The Christian Association of Greater Harrisburg*, the Court considered whether five schools were subject to the Law's unemployment taxation under Section 4($l$)(4)(8)(a) of the Law. One of the schools involved was an independent religious school, unaffiliated with any specific church. The school operated without aid from the church, had its own facility, and was primarily controlled by a nine-member board of directors. The Court specifically noted that the admittedly indepen-

dent entity is not "operated, supervised, controlled or principally supported by a church or convention or association of churches" under the plain meaning of Section 4($l$)(4)(8)(a) of the Law. *The Christian Association of Greater Harrisburg*, 423 A.2d at 1343. Nevertheless, the Court determined that, because there was little difference between the independent religious school and the other religious schools that were controlled by the church, the independent school should receive equal treatment for tax purposes. *Id.* at 1346–47. Specifically, the Court held that the second requirement of Section 4($l$)(4)(8)(a), requiring religious schools to be "operated, supervised, controlled or principally supported by a church or convention or association of churches," was constitutionally offensive to the free exercise clause and, therefore, could not be applied. *Id.* at 1347. The first requirement of the Section 4($l$)(4)(8)(a)(ii) of the Law, regarding operation for religious purposes, however, was separable and remained operative despite the infirmity of the second requirement. *Id.*

In reaching its conclusion, the Court principally relied on the constitutional infringements on the schools' free exercise of religion that would result if the independent religious

With that framework in mind, we first address Employer's argument that the religious exemption found in Section (4)($l$)(4)(8)(a) of the Law should apply to exempt Claimant's employment from covered employment under the Law. To begin, we note that Section 4($l$)(4)(8)(a)(i) of the Law is clearly inapplicable, as the parties do not argue that Employer itself is a "church or convention of churches or organizations." As such, we must then consider whether Employer is "an organization which is operated primarily for religious purposes" under the operative provisions of Section 4($l$)(4)(8)(a)(ii) of the Law.

In *Pittsburgh Leadership Foundation v. Unemployment Compensation Board of Review*, 654 A.2d 224 (Pa.Cmwlth.), *appeal denied*, 541 Pa. 646, 663 A.2d 697 (1995), this Court had an opportunity to review a case similar to the one at hand. There, the Court determined that a claimant, terminated from a Christian counseling group, was eligible for benefits under the Law because the provisions of Section 4($l$)(4)(8)(a) of the Law were inapplicable. *Pittsburgh Leadership Foundation*, 654 A.2d at 226. The claimant was an administrative assistant for a "Christian-based organization" that was "not a church" and was a nonprofit organization having a board of directors that included two clergymen. *Id.* at 225. Further, the organization received funds from a charitable trust and contributions from individuals and private endowments. *Id.* at 225–26. Recognizing that "it is not this Court's function to usurp the Board's role as fact finder when the Board's determination is

supported by substantial evidence," the Court concluded that, based on the Board's findings, the exemption of Section 4($l$)(4)(8)(a) of the Law did not apply to the claimant because the organization is not operated primarily for religious purposes. *Id.* at 226.

Employer's reliance on *The Christian Association of Greater Harrisburg* in support of its argument that Claimant's employment is exempt under the Law is misplaced. In *The Christian Association of Greater Harrisburg*, this Court essentially concluded that employment with a nonprofit school that is not supported by a "church or association or convention of churches" may be exempt if it is established that the school operates primarily for a religious purpose. *The Christian Association of Greater Harrisburg*, 423 A.2d at 1345. That case involved a much more developed record on the interwoven nature of the secular curriculum in the school and the organization's religious underpinnings. Here, the record before the Referee includes little evidence of the extent to which the religious underpinnings pervade the curriculum. Instead, it appears that the Board's factual finding number 2—that Employer is "operated primarily for educational purposes with a strong religious influence"—is almost a verbatim quote from Employer's witness. Unfortunately, the employer's witness provided nothing further of substance. Accordingly, this case comes down to the Board's fact finding, and *Pittsburgh Leadership Foundation* is controlling. We give primacy to the Board's finding that Employer

school were required to comply with the unemployment tax laws. *Id.* at 1346. The Court stated that, under the exemption scheme set out in Section 4($l$)(4)(8)(a)(ii) of the Law, similarly situated religious schools would receive different tax treatment solely because some are tied to the organization structure of the church while others are not.

*Id.* at 1346–47. Furthermore, the Court concluded that the imposition of the Law on the independent religious school would require an increase in record keeping, added tax liability, and participation in eligibility hearings for former employees, which would infringe on the school's free exercise of religion. *Id.* at 1344.

"operated primarily for educational purposes." Therefore, we conclude that the Board did not err in determining that Claimant's employment is not exempt from coverage under Section 4(*l*)(4)(8)(a)(ii) of the Law because Employer does not operate primarily for religious purposes based on the Board's findings.[6]

Accordingly, we affirm.

### ORDER

AND NOW, this 21st day of March, 2012, the Order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

### DISSENTING OPINION BY Judge McCULLOUGH.

Respectfully, I dissent.

Section (4)(*l*)(4)(8)(a)(ii) of the Unemployment Compensation Law (Law)[1] excludes from "employment" the "[s]ervice performed in the employ of ... an organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches." Thus, the foregoing exemption may apply when a religious school: offers actual religious instruction and prayer; emphasizes the religious principles in the presentation of secular subjects; and is controlled by school committees elected by monthly meetings of the affiliated congregation, by a principal appointed by a board of deacons of the affiliated church, or by a principal appointed by the board of elders of the affiliated church. *Christian School Association of Greater Harrisburg v. Department of Labor and Industry*, 55 Pa.Cmwlth. 555, 423 A.2d 1340, 1345–46 (1980).

In this case, the agency representative, Lindsay Gay, testified in relevant part that he spoke with Imani Christian Academy's assistant school administrator while conducting a wage investigation. (N.T. 10/18/10[2] at 5.) Gay was told that the school is "basically supported by" the Petra International Ministries. (*Id.*) Gay stated that the exemption applies under the Law when a business is owned and operated by a church and primarily supported by that church for religious pur-

---

**6.** While we affirm the Board based on its findings of fact, we caution that this decision is not dispositive in a separate action against Employer pertaining to its exemption from contribution to the unemployment tax fund. We highlight Section 509 of the Law, *as amended*, 43 P.S. § 829, which provides the following:

> [w]henever an appeal involves a question as to whether services were performed by a claimant in employment or for an employer or whether remuneration paid constituted wages, a decision thereon shall not be conclusive as to an employing entity's liability for contributions unless the employing entity was given special notice of such issue and of the pendency of the appeal and was afforded a reasonable opportunity by the referee or the board to adduce evidence bearing on such question.

Here, while Employer had a reasonable opportunity to be heard at the hearing, there is no evidence that Employer was given any special notice concerning a determination of Employer's status for purposes of unemployment tax. For this reason, and based upon representations made during argument by the Board's counsel, our decision in this matter on Claimant's eligibility does not, in any way, affect Employer's exemption status for taxation purposes. Because our decision does not affect Employer's exemption status for purposes of the unemployment tax law, we need not address Employer's constitutional claim as our decision does not infringe on Employer's constitutional rights.

**1.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 753(4)(*l*)(4)(8)(a)(ii).

**2.** "N.T. 10/18/10" refers to the transcript of the testimony at the hearing of October 18, 2010.

poses and that the exemption applied to Claimant's employment with the school. (*Id.*)

Imani Christian Academy's financial manager, Ray Sisak, testified in relevant part that Petra International Ministries founded the school, has several members on the school's board of directors, and that many of the school's employees are both members of Petra and elders of the church. (N.T. 10/18/10 at 8.) Sisak acknowledged that the school and the church were separate non-profit entities and that the school receives no funding from the church. (*Id.*) Although the school rented space from the church, Sisak indicated that it had purchased its own facility. (*Id.*) However, Sisak also stated that the school "[o]perates for education[al] purposes with a strong religious influence." (*Id.*)

In disposing of the instant appeal, the Board's findings acknowledged Sisak's testimony regarding the school's educational purpose and strong religious influence. (Referee Decision at 1.) The Board's findings also addressed Sisak's testimony regarding the organizational and financial separation between Imani Christian Academy and Petra International Ministries. (*Id.* at 1, 2.) However, the fact that the school and the church are separate entities, or that the church does not financially support the school, does not preclude the application of the exemption under section (4)(*l* )(4)(8)(a)(ii) of the Law. *See, e.g., Nampa Christian Schools Foundation, Inc. v. Department of Employment,* 110 Idaho 918, 923–24, 719 P.2d 1178, 1183–1184 (1986) (holding that a school was ex-

empt under the relevant statute where an association of several churches were united by their relationship to the school, the school had a religious mission and purpose, and the churches provided moral support even though a small fraction of the school's revenue came from the churches and the school was not operated, supervised or controlled by the churches).[3]

Moreover, the Board's findings utterly failed to address Sisak's testimony regarding the control of the church over school operations due to the presence of church elders and members on the school's board of directors and as school employees, and they do not address the agency representative's testimony regarding the exemption at all. As a result, the matter should be remanded to the Board to make adequate findings of fact regarding the relevant factors to be considered in applying the exemption of section (4)(*l* )(4)(8)(a)(ii) of the Law. *Osborne Associates, Inc. v. Unemployment Compensation Board of Review,* 3 A.3d 722, 733 (Pa.Cmwlth.2010).

Accordingly, I would vacate the Board's order and remand for further findings of fact.

---

**3.** *See also Kendall v. Director of Division of Employment Security,* 393 Mass. 731, 736–37, 473 N.E.2d 196, 200 (1985) (holding that a separately incorporated mental health clinic owned and operated by a religious order to provide education and training to mentally disabled children was exempt under the relevant statute even though it was primarily financed by government funds).