**Judy LIVNY, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 28, 2012.

Decided Jan. 29, 2013.

---

Judy Livny, pro se.

George C. Morrison, Center Valley, for intervenor Jewish Day School of the Lehigh Valley.

BEFORE: LEADBETTER, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Judy Livny (Claimant) petitions for review, *pro se*, of the June 12, 2012, order of the Unemployment Compensation Board of Review (UCBR) affirming the decision of a referee to deny Claimant unemployment compensation benefits. The UCBR found that Claimant was ineligible for benefits because Claimant's work for Jewish Day School of the Lehigh Valley (Employer) did not constitute "employment" under section 4(*l*)(4)(8)(a)(ii) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant worked as a cook for Employer from August 2008 through January 9, 2012. (Findings of Fact, No. 1.)[2] Claimant filed an application for unemployment benefits effective January 15, 2012, establishing a base year of October 1, 2010, through September 30, 2011. (Findings of Fact,

No. 2.) On February 17, 2012, the Bureau of Unemployment Compensation Benefits and Allowances (Bureau) issued a notice of financial determination, finding that Claimant was ineligible for benefits because she had no covered base-year employment. (Findings of Fact, No. 3.)

Employer is a non-profit religious organization established to provide education to students with religious content in its curriculum. (Findings of Fact, No. 4.) Employer's stated mission is to combine "a well-rounded general studies curriculum, a richly fortified Jewish education and a deep commitment to the land and people of Israel." (Findings of Fact, No. 5 (quoting Employer's Curriculum Guide).) Employer is administered by a board of directors formed specifically to provide a religious education to students. (Findings of Fact, No. 6.) Employer is also recognized by the Internal Revenue Service as a non-profit organization and by the Pennsylvania Employer Tax Agency as a religious institution. (Findings of Fact, No. 7.) Claimant had no other employment during her base year. (Findings of Fact, No. 8.)

After receiving the Bureau's notice, Claimant appealed to the referee, who held an evidentiary hearing on March 15, 2012. The referee concluded that Employer is a religious educational institution and, therefore, Claimant's work for Employer was not "employment" under section 4(*l*)(4)(8)(a)(ii) of the Law. Claimant appealed to the UCBR, which affirmed. Claimant now petitions for review of that

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 753(*l*)(4)(8)(a)(ii). Section 4(*l*)(4)(8)(a)(ii) of the Law provides that the term "employment" does not include service performed while working for "an organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches." 43 P.S. § 753(*l*)(4)(8)(a)(ii).

2. The UCBR adopted and incorporated the referee's findings of fact and conclusions of law in their entirety.

decision.[3]

On appeal, Claimant asserts that Employer failed to prove that it is: (1) operated primarily for religious purposes and (2) operated or controlled by a church as required by section 4(*l*)(4)(8)(a)(ii) of the Law. We disagree.

We begin by noting that the second prong of section 4(*l*)(4)(8)(a)(ii), requiring the organization to be operated or controlled by a church, was declared unconstitutional in *Christian School Association of Greater Harrisburg v. Department of Labor and Industry*, 55 Pa.Cmwlth. 555, 423 A.2d 1340, 1347 (1980) (*en banc*). As a result, we must limit our inquiry under section 4(*l*)(4)(8)(a)(ii) to the first prong, i.e., whether Employer is operated primarily for religious purposes. *See Imani Christian Academy v. Unemployment Compensation Board of Review*, 42 A.3d 1171, 1174–75 (Pa.Cmwlth.2012). We conclude that it is.

At the hearing, Employer presented both testimonial and documentary evidence describing Employer's religious mission and curriculum. Yossi Kastan, Employer's head of school, testified that Employer is a tax-exempt religious organization under the Internal Revenue Code and that Employer was "formed with the intent of being a religious organization providing a religious education in the Lehigh Valley." (N.T., 3/15/12, at 12, 14; *see* Ex. E–1.) One of Employer's stated

missions is to provide "a richly fortified Jewish education" to its students. (Ex. E–2, at 2.) Kastan further testified that religion and prayer are included throughout the school's curriculum. (N.T., 3/15/12, at 13–14; *see* Ex. E–2, at 5–14 (identifying Judaics, Hebrew, and prayer as components of each curriculum from pre-kindergarten through eighth grade).) Moreover, the Bureau's representative testified that Employer is registered with the Commonwealth of Pennsylvania as a non-profit religious organization and that Employer receives its direction and control from a religious organization. (N.T., 3/15/12, at 11.)

We conclude that the record contains substantial evidence to support the UCBR's conclusion that Employer operates primarily for religious purposes under section 4(*l*)(4)(8)(a)(ii) of the Law. *See, e.g., Christian School Association*, 423 A.2d at 1345 (concluding that certain religion-affiliated schools were operated primarily for religious purposes where, "in addition to offering actual religious instruction and prayer, each school attempts to emphasize its respective religious principles on a daily basis in its presentation of even secular subjects").[4]

Accordingly, we affirm.

### ORDER

AND NOW, this 29th day of January, 2013, we hereby affirm the June 12, 2012,

---

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. We agree with Employer that this case is distinguishable from *Imani*, where we concluded that Imani Christian Academy did not operate primarily as a religious organization

under section 4(*l*)(4)(8)(a)(ii). In that case, the UCBR found that Imani was operated primarily for educational purposes and the record included "little evidence of the extent to which the religious underpinnings pervade the curriculum." *Imani*, 42 A.3d at 1175–76. Here, by contrast, Employer's evidence sufficiently demonstrated that Employer's mission is to provide religious education to its students and that religion and prayer are intertwined throughout the curriculum.

order of the Unemployment Compensation
Board of Review.